IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KARLTON H. KEMP, as Personal Representative of the Estate of Jason Kelley, on behalf of the Estate of Jason Kelley, on behalf of JAN KELLEY, JORDAN KELLEY, KAYLA KELLEY, MATTHEW HENDRICKS, JACK KELLEY, JOEL KELLEY, and JENNIFER MCKINNEY | | PLAINTIFFS |
| VS. | Case No. 05-CV-4039 | |
| THE DUPPS COMPANY | | DEFENDANT |

**ORDER**

Before the Court is Defendant The Dupps Company's Motion to Quash Notice of Deposition and for Protective Order. (Doc. 29) Plaintiffs (hereinafter collectively referred to as "Kemp") have responded. (Doc. 33) The Dupps Company has filed a reply. (Doc. 34) The Dupps Company seeks to quash a notice of deposition issued by Kemp under Fed. R. Civ. P. 30(b)(6). The Dupps Company also seeks a protective order under Fed. R. Civ. P. 26(c) prohibiting the Rule 30(b)(6) deposition. The Court finds the motion ripe for consideration.

Kemp's suit arises from an on the job incident that caused the death of Jason Kelley at a Tyson Foods' plant. Kemp alleges Kelley's death was caused by an industrial machine called a "continuous hydrolyzor" that was designed, made, and sold by The Dupps Company and used at the Tyson Foods' plant. Jason Kelley was killed while performing maintenance on the continuous hydrolyzor when he was exposed to a lethal quantity of hydrogen sulfide gas emitted from the continuous hydrolyzor. Kemp filed suit, alleging negligence and products liability causes of action against The Dupps Company.

On September 6, 2005, Kemp served The Dupps Company with Request for Production of Documents and Interrogatories. Kemp asked The Dupps Company to produce "any and all documents relating to or indicating injuries other than the injuries made the basis of this lawsuit to users of 'Dupps Continuous Hydrolyzor' that have been caused and/or have been alleged to have been caused by the use of the 'Dupps Continuous Hydrolyzor.'" (Doc. 33-2, p. 5) One of Kemp's interrogatories requested:

> With respect to all incidents known to Dupps in which an individual was injured in any fashion or killed using a Dupps Continuous Hydrolyzor, please state the following information: (a) the date and location of the incident; ... (c) the name of the individual injured or killed; (d) a brief description of the incident[.]

(Doc. 33-3, p. 8)

On January 18, 2006, Kemp deposed a number of The Dupps Company's Rule 30(b)(6) witnesses. During these depositions, Kemp learned for the first time of an incident occurring in 2002 where Robert Key was exposed to hydrogen sulfide emitted from a continuous hydrolyzor manufactured by The Dupps Company. Kemp also learned documents related to this incident existed, including minutes from The Dupps Company Board of Directors' meeting of January 27, 2004. Parts of the minutes refer to other "incidents to field people in the last several years and ... several reported incidents involving Tyson ... ." (Doc. 34-6, p. 1) The Dupps Company produced these documents in May 2006.

In June 2006, Kemp deposed three additional Rule 30(b)(6) witnesses, but did not ask the witnesses about the 2002 incident or the documents related to the incident. On July 12, 2006, without the Court's permission, Kemp issued a notice to take a Rule 30(b)(6) deposition on seven topics. (Doc. 29-2) The first six topics relate either to the Robert Key incident or the

2

Board of Directors' minutes. The last topic, Topic #7, is "The Dupps Company's answers to interrogatories, requests for production of documents, and requests for admissions in this case."

The Dupps Company states that it would produce two people, Larry Tully and John Dupps, for Kemp's Rule 30(b)(6) deposition notice. Kemp deposed both Larry Tully and John Dupps in June 2006, after receiving the documents relating to the Robert Key incident and the Board of Directors' minutes. The Dupps Company believes Kemp's recent Rule 30(b)(6) deposition notice is insufficient under Fed. R. Civ. P. 30(a), which requires leave of the Court to depose a person who has already been deposed in the case. Kemp argues it could not have known the person The Dupps Company would have produced to be deposed in response to the most recent Rule 30(b)(6) deposition notice and that Rule 30(a) does not apply to Rule 30(b)(6) witnesses.

Case law on the specific issues presented here is sparse, but at least one sister district court has addressed whether a second Rule 30(b)(6) deposition notice requires leave of the court under Rule 30(a). *See Quality Aero Technology, Inc. v. Telemetrie Elektronik, Gmbh*, 212 F.R.D. 313 (E.D.N.C.2002). Commenting on Rule 30(b)(6) depositions, the court wrote, "Rule 30(b)(6) depositions are different from depositions of individuals. ... [T]here is no aspect of the Rules which ... restricts a party to a single 30(b)(6) deposition ... ." *Id*. 212 F.R.D. at 319. As in *Quality Aero Technology*, the different Rule 30(b)(6) deposition notices issued by Kemp seek information relating to different subject areas. *Id.* The Robert Key incident and Board of Directors' minutes are only mentioned in the most current notice. In any event, the Court believes Kemp has shown good cause for additional Rule 30(b)(6) depositions. If The Dupps Company would have provided the documents prior to the January 2006 depositions, Kemp

would have had the opportunity to take these depositions earlier. The leading treatise on the Federal Rules of Civil Procedure anticipates that newly discovered evidence warrants additional questioning:

> It is a commonplace that new materials will be referred to during testimony at a deposition, necessitating further production and, consistent with the rule, the possibility of resumed questioning. It would be logical for the questioning at the resumed deposition to be limited to the new materials produced since the deposition was recessed.

Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2104, p. 48. The discovery topics listed in the most recent notice are clearly relevant and within the scope of discovery. Except for the last topic, Topic #7, the discovery topics are specific and limited. Also, the most recent 30(b)(6) notice was timely under the Court's discovery deadline.

The Court finds Kemp's most recent Rule 30(b)(6) witness notice was proper under the Federal Rules of Civil Procedure, except for Topic #7, which is too broad. Prior to the discovery deadline in this case, Kemp may depose The Dupps Company's Rule 30(b)(6) witness on the first six topics listed in the notice. Kemp may not depose the Dupps Company's Rule 30(b)(6) witness on the last topic listed in the notice. The Court finds The Dupps Company's motion should be and hereby is **granted in part and denied in part** consistent with the terms stated herein and above.

IT IS SO ORDERED, this 27th day of July, 2006.

                                          /s/ Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          U.S. District Court