IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KARLTON H. KEMP, as Personal
Representative of the Estate of Jason
Kelley, on behalf of the Estate of Jason
Kelley, on behalf of JAN KELLEY,
JORDAN KELLEY, KAYLA KELLEY,
MATTHEW HENDRICKS, JACK
KELLEY, JOEL KELLEY, and JENNIFER
MCKINNEY                                                                                            PLAINTIFFS

VS.                              CASE NO. 05-CV-4039

THE DUPPS COMPANY                                                                          DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion to Compel the Dupps Company to Answer Interrogatories and to Produce Documents. (Doc. 31-1). Defendant has responded. (Doc. 37-1). The Court held a hearing and heard arguments from counsel on the Motion to Compel on August 22, 2006. The Court finds the motion ripe for consideration.

## BACKGROUND

Plaintiff served interrogatories upon the Dupps Company ("Dupps") in September of 2005, seeking information concerning Dupps' knowledge of injuries caused by exposure to hydrogen sulfide emitted from a Dupps Continuous Hydrolyzor. The present motion seeks supplemental information responsive to Plaintiff's Interrogatories No. 14 and 15, and Plaintiff's Requests for Production of Documents No. 3, 20, 24 and 27. Plaintiff's discovery requests include all information and documents in Dupps' possession regarding "two possible incidents to field people [involving exposure to hydrogen sulfide emitted from a Dupps' Continuous Hydrolyzor] in the last several

years" and "several reported incidents involving Tyson [employees and exposure to the same]." (Doc. 31-1, ¶ 10). The Court finds that Plaintiff is entitled to appropriate supplemental responses to his interrogatories and requests for production consistent with this order. In addition, the Court finds that Dupps' employees Ron Snelling and Okie Buell should be made available for deposition.

## CONCLUSION

The Court finds that Plaintiff's Motion to Compel the Dupps Company to Answer Interrogatories and to Produce Documents should be and hereby is **GRANTED IN PART**. Plaintiff's request for sanctions against Dupps, contained within the motion to compel, is **DENIED**. The Dupps Company is ordered to supplement its responses to Plaintiff's interrogatories and requests for production, and to make Ron Snelling and Okie Buell available for deposition.

IT IS SO ORDERED, this 23rd day of August, 2006.

                                                  /s/Harry F. Barnes
                                            Hon. Harry F. Barnes
                                            United States District Judge